## DOUGHTY v. NASSAU FACTORS CORPORATION.

### No. E 5560.

District Court, E. D. New York.
March 3, 1932.

David L. Klein, of New York City, for plaintiff.

Jacob M. Zinaman, of New York City, for defendant.

BYERS, District Judge.

The transaction which is the subject of this trustee's bill in equity may be stated as follows: On or about October 14, 1930, the bankrupt was indebted to the defendant in the sum of $4,372.95 previously advanced by the latter on assigned accounts amounting to $7,300. Apparently it was the custom of the parties, as founded in their agreement, that the advances should equal 65 per cent. of the accounts apparently collectible; hence the bankrupt was entitled to $4,745 less charges, or a net sum of $95.05 over and above the sum previously advanced.

In order to give such a simple matter the appearance of ponderous . and perplexing formality, and incidentally to lend color to the necessity for charging $147.09 as for a new loan of $4,372.95, three checks were made out by the defendant, to the order of the bankrupt, namely, $3,824.16, $548.79, and $95.05, amounting in all to $4,467.90.

The first two are said not to have been signed by the defendant, until they had first been indorsed and delivered by the bankrupt, to defendant. Then they were signed, and deposited, with the result that the defendants' books appeared to show the repayment of an indebtedness by the bankrupt, on that date, and an entirely new loan of $4,467.90. All that the bankrupt actually received was the $95.05 shown by the third check.

The bankruptcy petition was filed on November 15, 1930, and the bill of complaint was filed herein on July 7, 1931, by the trustee. His theory is that there was a preferential transfer of $4,372.95 by the bankrupt to the defendant, by reason of the indorsement and delivery of the two checks, under the circumstances shown.

It must be clear that there was no transfer. The bankrupt did not have the said sum, and therefore it could not transfer it. The elaborate machinery employed to give an aspect of reason to the harassed bankrupt for imposing a charge of $147.09, as to the nature of which the defendant's witnesses were not in accord, cannot be permitted to obscure the obvious fact that nothing new was brought into existence, and nothing passed from the bankrupt to the defendant. The books of the bankrupt did not even contain any entries on the subject.

Presumably this is the only transaction which the trustee has been able to bring to light, between the parties, within the four months' period.

As it is found not to have constituted a transfer of $4,372.95 from the bankrupt to the defendant, the bill of complaint will be dismissed, but without costs. Settle decree on three days' notice.